**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

SETH HARRIS, *Acting Secretary of Labor,*
*United States Department of Labor*,

                              Petitioner,

- v -                              Civ. No. 1:12-MC-82
                                                (DNH/RFT)

SUBCONTRACTING CONCEPTS, LLC

                              Respondent.

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| UNITED STATES DEPARTMENT OF LABOR | |
| OFFICER OF THE SOLICITOR | ANDREW M. KATZ, ESQ. |
| *Attorneys for the Petitioner* | |
| 201 Varick Street, Room 983 | |
| New York, New York 10014 | |
| | |
| JASINSKI, P.C. | DAVID F. JASINSKI, ESQ. |
| *Attorneys for the Respondent* | |
| 60 Park Place, 8th Floor | |
| Newark, New Jersey 07102 | |

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**MEMORANDUM-DECISION and ORDER**

      This matter was submitted to this Court by the United States Department of Labor's Wage and Hour Division (hereinafter "DOL") seeking to compel Subcontracting Concepts, LLC (hereinafter "SCI LLC") to comply with its Subpoena *Ad Testificandum* (hereinafter "Subpoena"). Dkt. No. 1, Pet'r Mot. to Compel. On February 11, 2013, this Court issued a Memorandum-Decision and Order (hereinafter

"MDO") granting in part DOL's Motion. Dkt. No. 12. For the most part, SCI LLC was directed to testify at a deposition and to produce requested documents, albeit with specific limitations. Some of the production is subject to representative sampling, while disclosure of SCI LLC's client list was contingent upon "the understanding that DOL is not to publish, disclose, nor reveal this list to any third party outside the context of any prospective litigation." *Id*. at p. 20. Lastly, the applicable statute of limitations was tolled for a definite duration. *Id*. at pp. 21-22.

On February 25, 2013, SCI LLC filed a Motion for Reconsideration of the MDO on the ground of newly discovered evidence. Dkt. No. 13. Additionally, SCI LLC seeks clarification of the MDO as well as a more formal and extensive protective order. *Id*. Pursuant to the Court's Amended Text Notice, the Motion for Reconsideration was placed on an expedited schedule requiring DOL to file its Response in Opposition to the Motion on an abbreviated time table, Dkt. No. 14, DOL's Opp'n, dated Mar. 5, 2013, and eliminating the need for replies and sur-replies.

**MOTION FOR RECONSIDERATION STANDARD**

Normally, prior decisions made within the same case must be followed under the law of the case doctrine. *Cantanzano by Catanzano v. Wing*, 103 F.3d 223, 231 n. 5 (2d Cir. 1996); *Shomo v. City of New York*, 579 F.3d 176, 186 (2d Cir. 2009);

*United States v. Millett*, 208 F.3d 204 (2d Cir. 2000) (noting that court should "not depart from this sound policy absent cogent or compelling reasons"). Generally, reconsideration of a court's prior decision is warranted only where the moving party demonstrates (1) an intervening change of controlling law; (2) the availability of new evidence; and/or (3) the need to correct a clear error or prevent manifest injustice. *Crucible Materials Corp. v. Certain Underwriters at Lloyd's London & London Market Companies*, 681 F. Supp. 2d 216, 225 (N.D.N.Y. 2010); *Caidor v. Harrington*, 2009 WL 799954, at *1 (N.D.N.Y. Mar. 24, 2009) (Suddaby, J.) (quoting *United States v. Sanchez*, 35 F.3d 673, 677 (2d Cir.), *cert. denied*, 514 U.S. 1038 (1995); *see also Pescatore v. Pan American World Airways, Inc.*, 97 F.3d 1, 8 (2d. Cir. 1996) (one ground for reconsideration includes an intervening change of controlling law); *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983)). Thus, the moving party must "point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted).

"[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id*. at 257. "[A]ny litigant considering

bringing a motion for reconsideration must evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." *Gaston v. Coughlin*, 102 F. Supp. 2d 81, 83 (N.D.N.Y. 2000) (citation omitted). Of significance here, "[a] motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue." *Fredericks v. Chemipal, Ltd.*, 2007 WL 1975441, at *1 (S.D.N.Y. July 6, 2007). In other words, it is not an opportunity to take a "second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)); *see also In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) ("[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.") (quotation marks and citations omitted); *In re Bird*, 222 B.R. 229, 235 (Bankr. S.D.N.Y. 1998) ("A motion for reconsideration is not a forum for new theories or for plugging the gaps of a lost motion with additional matters.") (internal quotation marks and citation omitted).

## NEWLY DISCOVERED EVIDENCE

SCI LLC seeks reconsideration of the MDO based upon newly discovered evidence. The Court is told that this new revelation became apparent to SCI LLC during the latter stage of the Motion to Compel discourse when DOL filed its reply

and included an especially curious exhibit. That curious exhibit was a redacted check issued by Subcontracting Concepts, Inc (hereinafter "SCI").[1] *See* Dkt. No. 8-1, Lisa Schneider Supp. Decl. & Supp. Ex. A. Relying upon Investigator Schneider's averment that she had "obtained copies of checks issued by "'SCI' to one of the individuals termed an independent contractor" in order to show that there may be a business relationship between SCI LLC and SCI, this Court accepted it for what it portrayed - a blank check. *See id.* at ¶ 3 (attaching a copy of "a partially redacted [check] to protect the identity of the payee"). However, still inexplicable to this Court, SCI LLC was able to discern that this Exhibit was a check issued to Milton Greene, who had previously challenged his independent contractor status with the New York State Division of Human Rights and the Equal Employment Opportunity Commission. Dkt. Nos. 13-1, Resp't Mem. of Law at p. 1, 13-3, Peter Fidopiastis, Esq., Decl., dated Feb. 25, 2013, at ¶¶ 3 & 7-12. Prior to this revelation, SCI LLC "had no idea why DOL was investigating its global operation," Fidopiastis Decl. at ¶ 4, and now posits that "DOL's investigation and "unrestrained demands for information were prompted by a single complaint filed by Milton Greene," Resp't Mem. of Law at p. 1. Purportedly contributing to SCI LLC's suspicion that Mr.

---

[1] Subcontracting Concepts Inc. is a separate entity that may have a business connection to SCI LLC. That connection or relationship is to be explored during the ordered deposition of SCI LLC.

Greene is the sole impetus for this investigation is DOL's letter to SCI LLC reminding it not to retaliate against Mr. Greene for the disclosure of his name in this case. Dkt. No. 13-4, Pet'r Lt., dated Feb. 11, 2013.[2]

Based upon this newly unearthed revelation and DOL's Letter, SCI LLC extrapolates that Greene's complaint is the sole impetus for DOL's investigation, which would not justify the magnitude of DOL's investigation and the unreasonable production of documents demanded by DOL. SCI LLC exclaims that DOL intentionally kept it and the Court "in the dark as to the real basis for its investigation" and the Court was "deprived of this vital piece of evidence" which would have critically impacted the ultimate decision rendered in the MDO. Resp't Mem. of Law at pp. 5-6. With this in mind, SCI LLC argues that DOL's investigation is unreasonable and its investigative powers have been stretched "well beyond justifiable end[s]," the ordered production is disproportionate to the "real" scope of the investigation, and that DOL has no evidence that SCI LLC committed any violations of the Fair Labor Standard Act (hereinafter "FLSA"). *See generally* Resp't Mem. of Law. Lastly, SCI LLC seeks clarification of the MDO by asking that a more formal

---

[2] Apparently, the impetus for DOL's Letter was SCI LLC's General Counsel's Supplemental Declaration identifying Mr. Greene. Dkt. No. 10-1, Peter Fidopiastis Supp. Decl., dated Feb. 7, 2013, at ¶¶ 3-9. Because Mr. Greene was identified in this manner and concerned about its overarching implications, DOL felt compelled to remind SCI LLC that it would be unlawful to retaliate against "any employee." Dkt. No. 13-4, Ex. B at p. 1.

protective order be issued under these circumstances. *Id.*

In opposing the Motion for Reconsideration, DOL chides the entire premise of SCI LLC's Application, especially the propositions that this constitutes newly discovered evidence and that its investigation is constrained solely to Mr. Greene or even to a single complaint. *See* Dkt. No. 14, Pet'r Opp'n Mem. of Law, dated Mar. 5, 2013. DOL contends that the wholly redacted check, which contains no personal identify information, "say[s] nothing about the origin of the Secretary's investigation" and, the proposition that this investigation should be limited to only those transactions involving Mr. Greene would "lead to an absurd result - the Secretary [of Labor] would be impeded from investigating widespread and pervasive employment violations where the trigger for the investigation was a single complaint." *Id*. at pp. 3 & 4. For the Petitioner, this Motion for Reconsideration constitutes nothing short of a ruse to supplement SCI LLC's previously ineffectual opposition to its Motion to Compel and poses as a veiled opportunity to re-argue relevancy, reasonableness, burden, and confidentiality, which were firmly rejected by the Court. *See generally* Pet'r Mem. of Law. Thus, DOL seeks a denial of this Motion for Reconsideration.

## ANALYSIS

Even if the Court was to deem Mr. Greene's identity and his role in this investigation as newly discovered evidence, it could only serve as an abstract or

obtuse fact having no purposeful bearing on this Court's MDO. This Court does not adopt SCI LLC's myopic view that a single complaint legally impedes DOL from conducting a much more broader investigation. To do so would require a tremendous leap in logic. It is well established that an agency cannot conjure up an investigation and its demands to produce are subject to the limitations of reasonableness, *United States v. Constr. Prod. Research, Inc.*, 73 F.3d 464, 471 (2d Cir. 1996), but as long as the investigation is conducted pursuant to a legitimate purpose, the information is not already within the agency's possession, and all required administrative steps have been followed, a court's role in enforcing an administrative subpoena is "extremely limited," *E.E.O.C. v. United Parcel Serv., Inc.*, 587 F.3d 136, 139 (2d Cir. 2009). Under the statute, DOL may investigate and gather information relative to wages, hours and conditions of employment in order to determine if there has been a violation. *See* 29 U.S.C. §§ 209 & 211(a) & Mem.-Dec. & Order at pp. 3-4.

Even though DOL has not fully disclosed the genesis of its investigation, nor does it have to, SCI LLC knows full well, or should know, that this investigation does not rest solely on Mr. Greene's complaint alone. To argue otherwise is pure obfuscation. A better indicator as to why DOL's investigation has encompassed SCI LLC is DOL's ongoing investigation regarding Zion Delivery Services Inc., a client of SCI LLC. Dkt. No. 8, Attach. A, Peter Fidopiastis Decl., dated Dec. 31, 2012, &

B, Cent. Dist. of California Case No. 12-09956, Order, dated Jan. 15, 2013. SCI LLC is keenly aware that DOL brought a petition to enforce an administrative subpoena to obtain drivers' 1099s completed by SCI LC, which was ultimately upheld by that district court. Dkt. No. 8, Ex. B, Order, dated Jan. 15, 2013. The California investigation was not narrowly confined to a particular driver, and obviously neither is this investigation. Setting all of that aside, this Court already found that the purpose of this investigation is to determine whether the independent owner operators are misclassified as independent contractors rather than employees and whether SCI LLC and the logistic couriers may be joint employers of these drivers. Mem.-Dec. & Order at p. 9.

Newly discovered evidence must have some significance to conceivably change the outcome of the previous ruling, but none can be found in this presentation. *In re Bernard L. Madoff Inv. Sec., LLC*, 489 F. App'x 519, 520 (2d Cir. 2012) (citing *United States v. Int' Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001). Mr. Greene's complaint and its impact as to the reasonableness of its scope is of minute importance. Hence this Court does not find that this is relevant newly discovered evidence nor would it require a modification to the MDO, and accordingly there is no legitimate basis for this Motion.

Continuing, because it deserves mentioning, this Court agrees with DOL that

this Motion is uniquely disguised as "a second bite of the apple" as SCI LLC reargues all of the issues that should have been fully addressed during the Motion to Compel. This is nothing more than a veiled attempt to overcome previous deficiencies and to plug in information SCI LLC failed to reveal earlier. For example, when the Court addressed the matter of disclosing SCI LLC's client list, I noted that "[o]ther than conclusory statements that its client list is 'carefully guarded,' SCI LLC has not outlined in any detail how it protects or guards its customer lists[.]" Mem.-Dec. & Order at p. 19. <u>Now</u>, SCI LLC presents Affidavits, especially one from Ryan Wise, the Vice President of Information Technology, extolling in graphic detail all of the steps SCI LLC takes to maintain the confidentiality of its "proprietary" information. *See* Dkt. No. 13-5, Ryan Wise Decl., dated Feb. 25, 2013. Additionally, SCI LLC's Memorandum of Law is merely a recapitulation of those same central themes it argued in opposing the Motion to Compel - relevance, reasonableness, burdensome, trade secrets, and confidentiality.

These are belated submissions to overcome previous deficiencies. This Court will not allow SCI LLC another opportunity to pitch its position, and the MDO and all of its directions stand.

Nonetheless, this Court takes a moment to address SCI LLC's complaint that if it has to adhere to the MDO, it will have to produce nearly 45,000 pages of

documents. Initially, the Court realized the DOL was seeking an enormous amount of documents and, in that respect, I reduced the scope of the Subpoena and also imposed representative sampling in order to make the demand for documents more reasonable. *See* generally Mem.-Dec. & Order. By directing that SCI LLC give a deposition within sixty days, it is conceivable that the size of disclosure may be decreased. But this Court finds Ryan Wise's Declaration very telling in terms of SCI LLC's ability to produce these documents without unfairly intruding upon its twenty-two (22) employees. Both the client list and 1099 tax records are in both "physical form" and "in electronic form in [its] computer and server systems." Wise Decl. at ¶¶ 2-3. Although this Court may not share the technological sophistication of Mr. Wise, I certainly know that the amount of time, cost, and effort expended to produce these records from the computer is significantly less than by hand. With the advent of software, predictive coding, spreadsheets, and similar advances, the time and cost to produce large reams of documents can be dramatically reduced. Further, suggesting to DOL to accept the production of these documents in either native format, or through a zip file, or some other electronic transaction should minimize SCI LLC's anxiety. Hence, the Court is more convinced than ever that SCI LLC is not subject to an overwhelming and incomprehensible burden. *See e.g., E.E.O.C. v. Sterling Jewelers, Inc.*, 2011 WL 5282622, at *5 (W.D.N.Y. Nov. 2, 2011) (noting

that reviewing 54,000 personnel files was not burdensome nor would it disrupt the business). Quite frankly, no manifest injustice has been demonstrated.

Finally, SCI LLC's request for a more formal protective order to ensure that all necessary measures are taken by DOL to protect the names and addresses of its clients is as baseless as it is superfluous. Throughout its argument against the Motion to Compel, SCI LLC raised the alarm that DOL will reveal its proprietary information and that its profitability would be impaired. To remind SCI LLC, the Court found its "fear that DOL intends to share all of this information with SCI LLC's universe of competitors [] utterly without basis." Mem.-Dec. & Order at p. 16. Nonetheless, the Court directed DOL "not to publish, disclose nor reveal this list to any third party outside the context of any prospective litigation." *Id*. at p. 20. To suggest that this broadly stated protective order is toothless because a penalty or consequence was not definitely and explicitly meted out should this federal agency not abide by the Court's order is meritless. Parties to litigation are expected to fully comprehend the magnitude of an order and the consequences to bear for failing to abide by such an order. And to surmise that a party will breach such an order is presumptuous and unfounded. SCI LLC has conveniently forgotten that this Court maintains jurisdiction over this application for the enforcement of a subpoena and clearly has the power of

contempt when a party has failed to comply with such a clearly stated directive.[3] Thus a more formal protective order is not necessary.

Based upon the foregoing, it is hereby Ordered that SCI LLC's Motion for Reconsideration, Dkt. No. 13, **is denied.** To reiterate further, the entire MDO remains in effect.

**IT IS SO ORDERED**.

March 11, 2013
Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge

---

[3] The Court may turn to those inherent powers, which are innate to its creation, to impose respect for its lawful mandates. *United States v. Seltzer,* 227 F.3d 36, 39-42 (2d Cir. 2000); *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 136 (2d Cir. 1998). Federal courts have always had the inherent power to manage their own proceedings and to control the conduct of those who may appear before them, and when a party acts "in bad faith, vexatiously, wantonly, or for oppressive reasons," the courts may exercise their discretion in fashioning a remedy. *Chambers v. Nasco, Inc.*, 501 U.S. 32, 45-46 (1991). Additionally, the Court may rely upon the authority granted in the Federal Rules of Civil Procedure. FED. R. CIV. P. 37(b)(2)(A)(vii) & 45(e).